Case number 241971, David Keane v. Expeditors International of Washington, Incorporated, et al. At this time, would counsel for the appellant please introduce himself on the record to begin. May it please the Court, Jeremiah Pollard on behalf of David Keane. Your Honor, may I reserve two minutes for rebuttal? You may. Your Honor, the case that is before the Court involves David Keane, who is a global account manager for Expeditors International, which is a freight forwarding company, which is a facilitating company for shipping. Mr. Keane, as the properly pled facts will show, was pretty much a lifetime resident of Massachusetts from Peabody. For 20 years he worked for Expeditors Washington, which is interchangeably referred to in the documents as Expeditors U.S. Expeditors Hong Kong is a subsidiary of Expeditors Washington. And this relationship where Mr. Keane worked for Expeditors International carried on where Mr. Keane developed a Lenovo account, which went from an $11 million account to an account that was generating $45 to $60 million a year. In 2016, directors from Expeditors U.S. Washington started approaching Mr. Keane and pressuring him to move the Lenovo account to Hong Kong. That began in 2016. He was approached by Brian McGinnis, who was a director. And the pleadings and affidavits established that that was being done on behalf of Alan Wang, who was a senior vice president in Asia as well. And Mr. Keane initially refused to go along with the transfer. He was then pressured more and more, beginning with a threat that the account would be transferred, then with heavier pressure with indication that he'd be terminated if he did not go along with the transfer to Hong Kong. This culminated in a 2018 agreement where Mr. Wang, who signed on behalf of Expeditors Washington, and signed as senior vice president in North Asia, whereby Mr. Keane was to go to Hong Kong and transfer the Lenovo account. Before that happened, Mr. Keane was assured through oral promises that it would be temporary, that he would be able to go to Hong Kong, be able to transfer the account, come back to Massachusetts where his ties were, where his family was, and where he had spent the majority of his life. That did not happen. And eventually, in 2023, Mr. Keane was allegedly, he was alleged to have... Can I jump you forward to the personnel jurisdiction arguments? You know, you've spent quite a bit of time talking about the contracts and the contractual claims here, but in terms of the discrimination and tort claims against Expeditors U.S., what is your argument there that there is Massachusetts-related conduct? The argument is that in securing the Lenovo account, Expeditors availed itself of the commerce of Massachusetts, it's engaged in the economic life for purposes of the long-arm statute, and it satisfies due process to have personal jurisdiction, because the actual claims, Title VII claims and the tort claims, they were all related to events that occurred in Massachusetts, including beginning with Mr. McInnes's pressure to move Mr. Keane to Hong Kong, and then also when he was ultimately terminated, there was one of the indications as the basis was a prior allegation that occurred in Massachusetts while he worked for Expeditors U.S., and that allegation was determined to be false, and his defense of the claims against him for sexual harassment and his wrongful termination, and that he was singled out, include evidence as to why they're using an incident that was found to have been false, rebutted upon investigation, and that an employee was complaining to advance their own position in the company. So that would be satisfied due process for relatedness and a reasonable assumption that Expeditors U.S. would be subject to jurisdiction here. Your complaint did not expressly use the term pretext, although your argument to the district court said, Look, when you add it all up, the president of U.S. was looking for ways to reduce the staff. I was reduced as part of that scheme. It was pretext to use the 2023 incident, which I take it your client denies. He does deny it, Your Honor. Okay, let me finish. Understood, Your Honor. But they didn't just rest on that. They went back in time to the earlier incident, which did take place in Massachusetts, so this is kind of part of the pretext. He was found not guilty, if you will, of the earlier event, which casts doubt on the explanation he was given at the time of the termination. So as I understood it, that was essentially the argument you presented to the district court on personal jurisdiction over U.S. Is that correct? That is correct, Your Honor. And there was also an affidavit from Mr. Keene indicating why he thought his contract was. So the last piece that I didn't mention in the background is that after this alleged incident and before Mr. Keene is terminated, another contract is generated. It changes the heading of the agreement from Expeditors Washington to Expeditors Hong Kong, and Mr. Keene in his affidavit in the submissions indicates that he believes that that was done to remove jurisdiction, which is not something that I've ever been able to find in the precedent, but it would seem that there's a substantial interest in Massachusetts adjudicating a case where that has occurred. I'm puzzled on that because our law is very clear. Parties could sign a contract actually picking the jurisdiction. So why could parties not sign a contract that would exclude one jurisdiction? I believe the contract chose the laws that were governed. It didn't choose the form. Well, contracts can do that, too. It's probably a rare contract these days that doesn't have one of those clauses in it. And this court, the district courts, are certainly capable of applying Hong Kong law if the contract is applied in Massachusetts for a district court trial. There was some indication by the judge, for whatever it's worth, at the oral arguments in the transcript at 1.20, that the judge was not going to go for a form of non-convenience, not with Hong Kong these days. In retrospect, it would have been wise to flesh that out more. Understanding that courts have found that Hong Kong can be an adequate form, that doesn't mean that Hong Kong will always be an adequate form. How do you envision this case proceeding if there is no personal jurisdiction over Expeditions Hong Kong? Well, it's argument there are, but if the case were, if the case... Let's take the Hong Kong entity that your client was working for. If there's no personal jurisdiction over that entity, and I understand you argue there is, but assume for a moment there isn't, how do you envision this case that you've brought being adjudicated? If the court were to determine that there was no jurisdiction over Expeditions Hong Kong, then the claims versus Expeditions U.S. would proceed on the contract claims and the tort claims, the Title VII, and the discrimination based on national origin and gender. Those would be the only claims to go forward for a district court. And how would that, given that he signed a contract making him an employee of the Hong Kong entity, how would you be trying a claim against the American entity? What theory would be? It would be the violation of covenant of good faith and fair dealing, that the last minute they just changed horses in an attempt to avoid jurisdiction. So you're saying that signing a new contract is a breach of the covenant of good faith and fair dealing? More so the fact that they, the only thing that that contract changes is the start date from employment and who the employer is, and that's for the purpose of specifically divesting him of a form here in the Commonwealth, which is extremely important to him and has given some deference in the case law, particularly where Hong Kong, for wrongful termination, is beyond the statute of limitation at this point. I didn't address form nonconvenience. It's briefed. The judge did find that there was personal jurisdiction over the Hong Kong, I'm sorry, I misspoke, exploiters U.S., but then found that it was form nonconvenience indicating that the plaintiff had not identified why it would be weighing the interests, trying the case to be here, but the plaintiff contends that indeed that's an error, abuse of discretion, because of the 12 witnesses that Mr. Keene identified, including witnesses who are in the United States, not necessarily in Massachusetts, who are at this event, as well as the buildup to it with Mr. McGinnis, multiple witnesses, and this is certainly a new world in terms of trying these cases. Let me ask you another question about how this goes forward. Can you prevail on your claims against the American entity without establishing that your termination was wrongful? And the reason I ask is if going against the American entity requires some type of adjudication as to whether or not the termination by the Hong Kong entity was wrongful or not, it seems that creates a pretty strong pull to Hong Kong. It does, Your Honor. What I would submit to the court is that Mr. Keene was never supposed to stay in Hong Kong, and this associates more. But my question is, can you adjudicate the claims that would be remaining without Hong Kong, without proving that the termination was wrongful? Probably not, Your Honor. Thank you. I think I'm over here. Thank you. Thank you, counsel. At this time, would counsel for the Appley Expeditors International please come to the podium and introduce herself on the record to begin? Good morning, Your Honors. Asha Santos for defendants. At the core of this case is an employment dispute between a Hong Kong employee and his Hong Kong employer. In dismissing this case on jurisdictional and foreign nonconvenience grounds, the court rightly noted that the center of gravity of this case is in Hong Kong. David Keene lived and worked there for five years. He was employed by Expeditors Hong Kong on its payroll, subject to Hong Kong payroll taxes. While working there, he was accused of sexual harassment by a colleague. There was a full investigation interviewing seven different witnesses in Hong Kong, including Mr. Keene. And following that investigation, he was terminated in an office in Hong Kong by his supervisor. And if all of the facts around the Hong Kong... Isn't it true that until the 2023 contract, his employer was U.S. and not Hong Kong? Until 2018. No. I know you put in affidavits that said his employer, as of 2018, was U.S. and not Hong Kong. The agreement was Hong Kong, but the agreement itself is with U.S., it is not with Hong Kong. The agreement's signed by Alan Wong. The agreement specifies his employer is U.S.? It was setting forth the terms of his transfer to Hong Kong, where, as the entire record suggests... All right. It's plausible. In fact, it's more than plausible to read that agreement, that his employer was U.S. Okay, just take that as a given. Up to 2023, okay, you can say his employer then was, under the contract, was Hong Kong. Does that then lead to a conclusion that there's no personal jurisdiction? Yeah, I would make two points. Respectfully, the facts show that he was an employee of the Hong Kong entity. And that's borne out by all of the facts of that relationship. And the second point I would make... Maybe on summary judgment, you win. But we're at the dismissal of personal jurisdiction. Understood, Your Honor. And that leads me to my second point. Appellant argued that there was a change in the contract shortly before his termination of employment to divest the jurisdiction. I would argue that there was always jurisdiction, that they twice agreed, both in the 2018 agreement and the 2023 agreement, to the laws of Hong Kong applying in a jurisdiction in Hong Kong. That remained true in 2018 and in 2023. Okay. Are you saying we should read in a forum selection clause into the contract? What exactly, what words are you depending on exactly? There's a provision in both contracts that's not in this dispute and has not been raised as a disputed issue that states that the laws of Hong Kong apply and that this should be in the jurisdiction of Hong Kong. And I would also say that if you look... But that's not an exclusive jurisdiction clause. It's not. But it certainly weighs in favor of jurisdiction being in Hong Kong. I would also say if you look at the specific language of each of his six counts in the complaint, they all arise out of facts in Hong Kong, including his second count of breach of the oral contract, where I think is perhaps the most arguable argument that it's grounded in the U.S. He says because of the substantive violation of Hong Kong law in his termination of employment, that contract was breached. So all of the facts circulating around these claims are grounded in Hong Kong. Obviously, his count for discrimination, count one, claims that he was subjected to anti-American bias in Hong Kong in the months leading up to his termination. Breach of the oral contract, he claims that by being terminated in an unlawful way under Hong Kong law, expeditors breached the oral contract. The disciplinary hearings in Hong Kong were tainted by unfairness and bias. And then in count three, the breach of contract against the U.S. entity, he alleges that his summary dismissal in Hong Kong was conducted in a manner inconsistent with the statutory protections under Hong Kong law. So this continues through each of his complaints, each of the counts in his complaint. When we get to negligent infliction in count six, it's all based on what he describes as a shoddy investigation, an improper disciplinary proceeding, and his termination in Hong Kong. So all six of these claims are revolving around facts leading up to his termination in Hong Kong. So jumping to specific personal jurisdiction over expeditors Hong Kong, I think that is perhaps the easiest part of this case. Looking at the long-arm statute, section 3A, transacting business, we must have both the transaction of business and also the claims arising from that transaction of business. So we heard earlier Appellant say that this is connected because of the relationship with Lenovo. I would argue, well, these claims aren't arising out of this business relationship between expeditors and Lenovo. These claims are arising out of his employment and the facts around his termination of employment in Hong Kong. You said his oral contract claim may be the strongest of his claims. Neither of the employment written contracts contained an integration clause. So his oral contract promissory estoppel claims continue despite the written contract. We can agree on that. He seems to be painting a picture. I grew the Lenovo account. They asked me to go temporarily to Hong Kong. I grew it more. It became a really successful business. But all along, I made clear I wanted to come back to Massachusetts. And instead of bringing me back to Massachusetts, they fire me. And the firing is a pretext. The reasons given for the firing is a pretext because they're really trying to shed employees. That's one way of understanding this case. Yes, the witnesses may be in Hong Kong. Yes, Hong Kong law may apply. But that doesn't mean his argument is there's no personal jurisdiction in Massachusetts. I think that the oral contract presents the closest issue in the case. I still believe strongly that it falls on the side of there not being personal jurisdiction because it necessarily depends on all of the facts that took place in Hong Kong. And it is integrated into the allegations that he sets forth within that account. They're all present there. This is very much like the case of Phillips v. Prairie Eye where an Illinois employer negotiated with a Massachusetts employee and there were contract negotiations going back and forth between Massachusetts and Illinois. And ultimately, after the contract was signed in Massachusetts, the First Circuit determined that that was insufficient contact to give rise to jurisdiction because it was all contemplating employment in Illinois. And if we add that case with the BCCTC case, which says if there's a choice of law provision within the contract, that strongly weighs in favor of a lack of purposeful availment. So the combination of those two cases, Phillips plus the BCCTC cases, those two First Circuit cases, make a strong case for a lack of jurisdiction existing here. I also think because that oral contract issue is a close one, I think it absolutely works well for a dismissal under the doctrine of forum nonconvenience because as the Court found based on the contract and the facts, there's absolutely an available and adequate forum here. And all of the factors that support reasonableness suggest that it should be in Hong Kong. Thank you. All right, and so I just want to spend a few minutes talking about the contract claims. As you know, because it's the forum nonconvenience, an abuse of discretion standard applies here. Expeditors U.S. merely needs to show an adequate alternative forum and that certain private and public interest factors weigh in favor of dismissal. And so I mentioned the adequate alternative forum, but all of those factors that are weighed under forum nonconvenience weigh in favor of Hong Kong here. Access to proof, the witnesses that were interviewed as part of the termination, all in Hong Kong or East Asia. That also goes to the ease of compelling witnesses to attend a hearing. Yes, Judge? In his reply to your forum nonconvenience, he argued that the Hong Kong forum was no longer available to him. And your reply was he's waived that. But it was your burden to show that Hong Kong was an available forum under the law. So how did he waive it by not preemptively arguing? So we argued that before the district court that Hong Kong was an available forum, and he did not raise the statute of limitations in response to that. I would also argue that this is an issue for appellant to pursue. That's not a burden that I believe appellees should bear. And I would also say, third, that it's not fleshed out in the briefing. He cites to the Hong Kong employment ordinance to say that the statute of limitations is waived. But there's a burden for a robust analysis by the court to understand equitable exceptions, how the mechanics of that law actually work. And I find the record is devoid of that information. What's your position on behalf of your client as to whether or not a timely proceeding could be done in Hong Kong? I'm sorry, could you repeat the start of my question? What's your position as to whether the statute of limitations has expired, and therefore it's time barred to adjudicate this in Hong Kong? Well, as a practitioner not in the Hong Kong courts, I can't give you a fulsome analysis of that. So your client is not maintaining before us that there is the ability to commence a timely proceeding in Hong Kong? I'm not representing that. But I am saying that it would have been an appellant's duty to pursue those rights under Hong Kong law, particularly with notice under the contract that we have jurisdiction under Hong Kong law. It would have been unappellant to pursue that issue, setting aside that this should be an issue that's waived because it was not raised below. Okay, if there aren't any further questions, for all of the reasons I've stated, I believe this case should be affirmed. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record? At the beginning, it's a two-minute rebuttal. Jeremiah Pollard again for the plaintiff, David Keene. If it pleases the court, some brief points. In terms of the appellee's argument that the center of gravity or the facts took place in Hong Kong, I'd submit to the court that it's a woefully inadequate record on that regard. The affidavits indicated that the witnesses interviewed were from Hong Kong or East Asia and that they weren't from Massachusetts. That leaves multiple questions in terms of determining whether the proper form is Hong Kong, completely unanswered. Whereas Mr. Keene submitted detailed affidavit identifying at least 12 witnesses and a history that shows this is not just one day in Hong Kong or some incident, that there was a long history here and a violation of trust or an agreement that he would be returned to Massachusetts. I answered a question earlier whether there were any potential claims in the Hong Kong, there's no personal jurisdiction over Hong Kong, and I said probably not. Thinking about that further, there may be a claim in so much as it would only be a portion of the case that's left, but Mr. Keene has alleged that he was not paid fees that were from the Lenovo account as well. That was one of the allegations in the complaint as well, and that may be a surviving claim, but I do believe that most of them would be problematic. Lastly, in terms of the law cited by Hong Kong, there's no dispute from the appellees that the law is otherwise, and I just know for the court, for whatever it's worth, that when we argued the motion to dismiss, the nine months wouldn't have been up. It didn't happen until afterwards. So September was the incident, he was fired until December, and then it was much, the nine months, that was 2023, and the nine months wouldn't have been up anyways. So that wouldn't have been a rape argument at that time anyways, but also would rely on the fact that it's the appellee's, or defendant's, to show that there's an adequate form in Hong Kong, which may be a problem in these days. Thank you. Your time is up. Thank you. Thank you, counsel. That concludes argument in this case.